IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL J. BOLICK, | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| VS. | : | NO. 5:15-CV-211-CAR-MSH |
| | : | |
| JOHN FAGAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER AND RECOMMENDATION**

Plaintiff Michael J. Bolick, an inmate at Hays State Prison ("Hays"), has filed a *pro se* handwritten civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) as well as an "Affidavit in Support of Claim" (ECF No. 1-1). Plaintiff has also filed an application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a motion for a preliminary injunction and temporary restraining order ("TRO") (ECF No. 3). Plaintiff's motions are addressed below. As also indicated, Plaintiff must recast his complaint if he wishes to proceed with this lawsuit.

## I.  MOTION TO PROCEED IFP

Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the full $350.00 filing fee, as will be directed in a future order.

## II.  SUMMARY OF CLAIMS

Plaintiff alleges claims against Defendants that arise at three different prisons: Central State Prison ("CSP"), Hancock State Prison ("HSP"), and Hays.

### A.  *CSP Claims*

On March 31, 2015, Plaintiff and two other inmates were involved in an altercation with two officers at Central State Prison ("CSP").  As a result of that altercation, Plaintiff received two disciplinary reports and was criminally charged with assaulting a peace officer.  The following day, Plaintiff was placed in a cell with "nothing but the clothes on [his] back[] and a bare mattress."  Compl. 7.  His placement was allegedly ordered by Defendant Deputy Warden John Fagan, and carried out by Defendant Lieutenant Arbra Childs.  Plaintiff states that he was denied necessary hygiene items (specifically, toothpaste, toothbrush, and a clean change of clothes) and showers from April 1, 2015 to April 8, 2015.  Defendants Fagan and Warden Berry allegedly ignored Plaintiff's repeated complaints.  Plaintiff also filed a grievance and believes that Defendant Counselor Thorpe prevented it from being considered.

### B. *HSP Claims*

Plaintiff was transferred to Hancock State Prison ("HSP") on April 8, 2015, where he claims he was both sexually and physically assaulted upon his arrival by Defendant John Doe Cert Team Officers.  According to Plaintiff, Defendant CSP Transport Officer Gerry Johnson and Defendant HSP personnel Warden Ronald Jones, Deputy Warden Ivey, and Lieutenant J. Pless all watched the assault without intervening.  Following treatment in medical, Plaintiff was placed in HSP's segregation unit, where he allegedly was denied

2

hygiene items and clean clothes during his six day stay at HSP. While confined at HSP, Plaintiff was informed that he was being assigned to the Tier II Program for assaulting an officer. Plaintiff also complains that the unnamed HSP Chief Counselor failed to process his grievance that he gave to her on April 13, 2015.

Plaintiff was transferred to Baldwin State Prison ("BSP") (for a mental health examination) and remained there from April 13, 2015 until May 5, 2015. He does not sue any BSP Defendants, but does complain about Defendant Michael Ransom, a Unit Manager at HSP, who held a disciplinary hearing at BSP relating to Plaintiff's disciplinary reports at CSP. Ransom found Plaintiff guilty and sentenced him to 28 days isolation and 240 days loss of privileges.

### C. Hays Claims

Plaintiff was transferred to Hays on May 5, 2015, and placed in its Tier II Program. He complains about conditions of confinement at Hays, *e.g.*, that his cell is filthy, it took three days for Plaintiff to get a roll of toilet paper and a bar of soap, that he has been denied complete access to books and newspapers, and that he is "served cold and congealed food on a daily basis." Bolick Aff. 16.

### III. ORDER TO RECAST

A plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or

3

occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.... A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

Plaintiff has failed to allege a logical relationship between his claims arising at CSP and HSP, and his claims arising at Hays. The Court will allow Plaintiff to join the CSP and HSP claims and Defendants in this lawsuit. Plaintiff has not, however, asserted facts sufficient to support the Hays claims and Defendants being joined into the lawsuit. Plaintiff's conditions of his confinement at Hays appear to be unrelated to those he faced at the other prisons.

In light of the foregoing, Plaintiff is hereby **ORDERED** to recast his complaint. In drafting his recast complaint, Plaintiff must use this Court's standard section 1983 complaint form, along with no more than fifteen (15) additional pages. The recast complaint **shall take the place of and supersede the complaint form and other documents filed by Plaintiff to date**. Plaintiff may not incorporate by reference any portion of his original filings into the recast complaint.

In his recast complaint, Plaintiff should name only Defendants at CSP and HSP, and

4

assert only claims arising out of those two prisons.  If Plaintiff wishes to bring a lawsuit arising out of events occurring at Hays, he must file a separate complaint form, with the United States District Court for the Northern District of Georgia (where Hays is located).

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file his recast complaint.  While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address.  If Plaintiff decides that he no longer wishes to proceed with this lawsuit, he must so notify the Court.  *See* Fed.R.Civ.P. 41(a).  Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his complaint.

The Clerk of Court is **DIRECTED** to mail Plaintiff a section 1983 complaint form, which should show the number of the instant case.

## IV.   *MOTION FOR A PRELIMINARY INJUNCTION AND TRO*

Plaintiff's request for injunctive relief relates solely to his confinement at Hays. (ECF No. 3).  Accordingly, it is **RECOMMENDED** that said request be **DENIED**.  If Plaintiff wishes to pursue injunctive relief, he may so request in his separate action relating to Hays and filed in the Northern District of Georgia.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 29th day of June, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE