IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL J. BOLICK, | : |
| Plaintiff, | : |
| VS. | : NO. 5:15-CV-211-CAR-MSH |
| JOHN FAGAN, *et al.*, | : |
| Defendants. | : |

## REPORT & RECOMMENDATION

Plaintiff has filed a "Motion for an Order to Permit Correspondence Between Institutions" in which he requests that the Court issue an Order compelling the Georgia Department of Corrections ("GDC") "to permit the Plaintiff to correspond between institutions" with two inmates "for the purpose of gathering affidavits and declarations in Plaintiff's anticipation of Trial." (ECF No. 8.) The Court construes this motion as a request for a preliminary injunction and for the reasons explained below, it is recommended that the motion be denied.

Plaintiff wishes to obtain statements from Sedrick Whatley and Michael Timms, whom he claims are witnesses to the incident giving rise to this litigation. These witnesses are also currently incarcerated at different penal institutions in Georgia. Plaintiff states that inmates are not allowed to correspond with other inmates in the state of Georgia and seeks an order compelling the GDC to discontinue this policy, at least as applied to him.

Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

The Court should deny Plaintiff's motion because the GDC is a non-party. The Court lacks jurisdiction to issue an injunction against a non-party. *See, e.g., Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-83 (11th Cir. 1995) (declining to find that either the All Writs Act or the Federal Rules of Civil Procedure provide subject matter jurisdiction when seeking an injunction against a non-party); *Faircloth v. Baden*, No. 1:11-cv-113-WLS, 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party."). Therefore, it is recommended that the Court deny Plaintiff's motion (ECF No. 8) to compel the GDC to permit him to correspond with inmates incarcerated at other institutions.

However, Plaintiff is allowed to conduct discovery. Since Plaintiff cannot directly send a request for an affidavit to the witnesses, the Court will allow him to forward the requests to the Court and the Court will send it to the witness. The witness is under no obligation to respond to Plaintiff's requests. Pursuant to 28 U.S.C. § 636(b)(1), the

2

parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 4th day of February, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE