IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|                          |   |                          |
|--------------------------|---|--------------------------|
| MICHAEL J. BOLICK,       | : |                          |
|                          | : |                          |
| Plaintiff,               | : |                          |
|                          | : | NO. 5:15-CV-211-CAR-MSH  |
| VS.                      | : |                          |
|                          | : |                          |
| JOHN FAGAN, *et al.*,    | : |                          |
|                          | : |                          |
| Defendants.              | : |                          |

## ORDER

Presently pending before the Court are several letters filed by Plaintiff which the Court construes as motions. Plaintiff's motion to provide a current address for Defendant Fagan (ECF No. 80) is denied. Plaintiff's motion for request for production of documents from a non-party (ECF No. 92) and motion for affidavits and documents from non-parties (ECF No. 95) are denied, but the Clerk is directed to forward Plaintiff's request for affidavits (ECF No. 95) to the named witnesses. Plaintiff's motion to exceed the standard interrogatories and request for documents limits (ECF No. 98) is denied. Plaintiff's motion to amend (ECF No. 89) is granted.

I. **Motion to Provide a Current Address for Defendant Fagan**

Plaintiff expresses concern that Defendant Fagan has not yet been served and requests that the Court order Defendants' attorney to "make known John Fagan's last known address and phone no. so that the information can be turned over to the U.S. Marshal[]'s Office." Mot. 1, ECF No. 80. On June 6, 2017, the U.S. Marshal's Service

mailed Defendant Fagan a waiver of service packet (ECF No. 81). Defendant Fagan completed the waiver packet and mailed it back to the U.S. Marshal's Service. *Id.* The U.S. Marshal's Service received the waiver packet on July 10, 2017. *Id.* However, it was incorrectly completed, and thus proper service was not perfected. *Id.* On August 21, 2017, this Court directed the U.S. Marshal's Service to personally serve Defendant Fagan. An attempt at personal service is ongoing (ECF No. 105). The U.S. Marshal's Service has sufficient information at this time to attempt personal service, and Plaintiff's motion (ECF No. 80) is denied.

## II. Discovery Motions

### A. Motions for Documents and Affidavits from Non-Parties

On July 27, 2017, Plaintiff requested the Court order non-party Georgia Department of Corrections to provide Plaintiff with certain documents (ECF No. 92). Similarly, on July 31, 2017, Plaintiff requested three subpoenas be issued to non-parties (ECF No. 95)—Counselor Duttlinger, the Georgia Department of Corrections, and Officer Teecha Dennis. While styled as a request for subpoenas, Plaintiff actually requests affidavits and the production of documents from the three non-parties.

The Plaintiff is permitted to request that a non-party witness execute an affidavit detailing his or her personal knowledge of the incident. If Plaintiff cannot directly send a request to the witness, he can forward the request to the Court and the Court will send it to the witness. The Court thus directs the Clerk to forward Plaintiff's requests (ECF No. 95) to the identified individuals or entity at the address listed by Plaintiff. The Court cannot, however, compel a non-party witness to comply with any such request. The

Court can only use its subpoena power to compel the attendance of a witness to give testimony at a deposition or trial.

Plaintiff cannot compel the production of documents by a non-party through a request for production. Plaintiff can, however, request documents from a party—such as the named Georgia Department of Corrections officers—pursuant to Federal Rule of Civil Procedure 34. Plaintiff can also seek any Georgia public records through an Open Records Act request pursuant to O.C.G.A. § 50-18-71. Alternatively, Plaintiff can depose any witness as described in Rule 30 and require the witness bring documents pursuant to Subsection 30(b)(2). However, depositions cost money including the costs to record the deposition and to transcribe the recorded testimony. Though Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, he is not entitled to have the costs of discovery covered by the Court or the Defendants. *See Easley v. Dep't of Corr.,* 590 F. App'x 860, 868 (11th Cir. 2014) (citing *Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [§ 1915] for the payment by the government of the costs of . . . litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")). Therefore, although proceeding IFP, Plaintiff is required to fund the expenses of litigation like any other litigant.

Plaintiff's motions (ECF Nos. 92, 95) are denied to the extent that the Court cannot compel the non-parties' compliance with Plaintiff's requests. However, the Clerk is directed to mail Plaintiff's affidavit requests (ECF No. 95) to the listed non-parties.

### B. Motion to Exceed the Standard Discovery Limits

Plaintiff asks to have the standard interrogatories limit and request for production of documents limit increased (ECF No. 98). Plaintiff does not state the number of additional interrogatories or requests he believes are necessary. Further, Plaintiff does not state what additional discovery he seeks or how that discovery would be relevant to his claim. Plaintiff's motion is thus denied.

## III. Motion to Amend

Plaintiff moves to amend his complaint to name John Doe Defendants. On February 22, 2017, the Court directed Defendants' attorney to "undertake a reasonable effort to determine the names of the Doe Officers and provide the Court with his/her findings." Order & R. 2, ECF No. 48. Defendants' attorney provided the names on June 16, 2017. Defs.' Notice 1, ECF No. 77.

Pursuant to the Court's Order (ECF No. 83) permitting those claims to go forward, it is ordered that service be made on Sergeant Eric Martin, Officer James Philyaw, Officer Edward Floyd, Officer Kawanta Legette, and Officer Travone Ferrell, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. The parties are reminded of their relevant obligations, as included in the Court's previous order for service (ECF No. 48).

### **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.

Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

# DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by

the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

## **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED, this 24th day of August, 2017.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE